UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    -v-<br><br>MIGUEL ROMERO,<br><br>                              Defendant. | 15-CR-445 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

On May 11, 2020, the Court received a letter from defendant Miguel Romero, which the Court construed as a *pro se* application for compassionate release pursuant to 18 U.S.C. § 3582(c). Dkt. 1102. The Court directed defense counsel and Government counsel to confer and to submit letters regarding Romero's motion. *Id.* On May 13, 2020, counsel for Romero filed a letter in support of Romero's application. Dkt. 1104 ("Def. Ltr."). That same day, the Government filed a letter in opposition. Dkt. 1103 ("Gov't Ltr"). Romero has served approximately 54 months of his significantly below-guidelines sentence of 78 months' incarceration. *See* Def. Ltr. at 2; Dkt. 1045 (judgment); Dkt. 1051 ("Sentencing Tr.") at 52–53 (describing sentence as "significantly below guidelines").

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *id.* § 3582(c)(1)(A)(i). The Court must also consider

the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Here, the Government argues, at the threshold, that Romero's motion should be denied because he has failed to exhaust his administrative remedies, in that the administrators of the Metropolitan Correctional Center (the "MCC"), where Romero is incarcerated, have not made a final decision and 30 days have not elapsed since Romero moved for compassionate release Govt. Ltr. at 1.

The Court need not reach this argument, however, because the Court concludes that a reduction of Romero's sentence is not warranted for two independent reasons. Such a reduction would not be "consistent with the applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(i), nor would it be supported by the "factors set forth in section 3553(a)," *id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, — F. Supp. 3d —, No. (S4) 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (quoting 28 U.S.C. § 994(t)). Relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which

he or she is not expected to recover."[1]  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  Even where such extraordinary and compelling reasons are present, the defendant also must not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § 1B1.13(2)–(3).

Romero's application fails at the first step:  He does not demonstrate that extraordinary and compelling circumstances that are necessary to justify compassionate release.  While Romero credibly states that he feels anxious that he will contract COVID-19, Dkt. 1102, neither he nor defense counsel proffer any facts to suggest that Romero is more likely contract COVID-19 than any other inmate, or any facts to suggest that Romero is particularly vulnerable to suffering complications from the virus due to any underlying health condition.  Romero, in short, has not shown himself to be at heightened risk from the pandemic.  As such, the Court does not find extraordinary and compelling reasons that would justify a reduction in sentence.

Moreover, the Court cannot find that the application of the § 3553(a) factors favors an early release.  Two such factors, to be sure, are the "history and characteristics of the defendant," and "the need to provide the defendant with needed . . . medical care."  18 U.S.C. § 3553(a).  These factors weigh only lightly in favor of Romero's early release.  They do so insofar as the COVID-19 pandemic creates a generalized risk to inmates in the confined space of a federal jail, not by virtue of any facts particular to Romero, as noted above.  But those factors are outweighed by the combined force of several other factors: "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect

---

[1] U.S.S.G. § 1B1.13 references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts.  *Ebbers*, 2020 WL 91399, at *1, 4.

for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." For the reasons stated in detail at Romero's sentencing, Sentencing Tr. at 42–53, which the Court incorporates by reference, a sentence in the range of 78 months' imprisonment was necessary to achieve those goals. Romero was an active member of the dangerous 18 Park gang, which engaged in serious violence and narcotics trafficking. Romero personally engaged in both of those activities, including shooting at a member of a rival gang, *id.* at 45, and he also made videos promoting the gang, *id.*, and testified falsely at trial, *id.* at 46–47. The Court finds that the § 3553(a) factors continue to require that Romero serve the remainder of the significantly below-guidelines sentence the Court imposed.

Accordingly, because Romero does not provide extraordinary and compelling reasons justifying early release and the § 3553(a) factors do not support a reduction of sentence, the Court denies Romero's motion for compassionate release pursuant to 18 U.S.C. § 3582(c).

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: May 14, 2020
       New York, New York